# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER FLETCHER )<br>3723 Jamison St., N.E. )<br>Washington, DC 20018 )<br> )<br>            Plaintiff,       )<br> )<br>     v.                           )         Case No. 21-2274<br> )<br>UNITED STATES OF AMERICA )<br> )<br>Serve on: )<br>Hon. Merrick Garland )<br>United States Attorney General )<br>United States Department of Justice )<br>950 Pennsylvania Avenue, N.W. )<br>Washington, DC 20530 )<br> )<br>         and                    )<br> )<br>Hon. Channing D. Phillips )<br>Acting United States Attorney )<br>555 4th Street, N.W. )<br>Washington, DC 20530 )<br> )<br>         and                    )<br> )<br>Hon. Denis R. McDonough )<br>United States Secretary of Veterans )<br>       Affairs                 )<br>Department of Veterans Affairs )<br>810 Vermont Avenue NW )<br>Washington, DC 20420 )<br> )<br>            Defendant.       )<br> )  | |

## COMPLAINT

Now comes the Plaintiff, Christopher Fletcher, by his attorney, Allyson Kitchel and Kitchel Law, PLLC, who sues the Defendant, the United States of America, and states:

## JURISDICTION AND VENUE

1. On or about June 4, 2020, pursuant to tort claims procedure as set forth in 28 USC 2675, Plaintiff executed and served on the United States Department of Veterans Affairs a Claim for Damage, Injury, or Death on Form 95. The Defendant denied the claim on April 1, 2021.

2. Jurisdiction in this court is pursuant to 28 USC 1346(b)(1), as an action against the United States.

3. Venue in the District of Columbia is proper pursuant to 28 U.S.C. 1391(b)(1) and (2).

## FACTS

4. Plaintiff is a veteran of the United States Army. He served with the 3rd Infantry Regiment, "The Old Guard," at Arlington National Cemetery, and was a recipient of the Meritorious Service Medal, Expert Infantry Badge, and Parachutist Badge. He served in Operation Enduring Freedom in Afghanistan with the 1st Infantry Division and the 1st Cavalry Division. He was decorated with the NATO Meritorious Service Award for the performance of his duties in Afghanistan. While on active duty, Plaintiff suffered a non-combat service related injury resulting in advanced osteoarthritis, including his knees and ankles.

5. On June 27, 2019, at the Washington DC VA Medical Center, Plaintiff underwent right ankle arthroscopy, talar decompression and bone grafting with platelet rich plasma.

Subsequent to this surgery, various physicians and other medical staff failed to properly diagnose and/or treat a grave infection, to wit:

6. On August 1, 2019, Dr. Sheldon McKenzie recommended the first post-surgery irrigation and debridement (I & D) procedure. He stated, "[the] wound was not actively draining or concerning for acute infection."

7. On August 8, 2019, Dr. McKenzie performed the I&D procedure, but neglected to order a culture test.

8. Plaintiff returned to the clinic on August 14, 2019 and was seen by Dr. Bahman Sadr. Plaintiff reported his pain was increasing and that his ability to walk was deteriorating. Plaintiff expressed concern that he was "going backwards." Dr. Sadr noted the Plaintiff's wound was "not obviously infected," but he did not order that a culture be taken.

9. On August 19, 2019, concerned with worsening pain, Plaintiff contacted Kristin Forcucci, M.D., his primary care physician, asking for help obtaining a second orthopedic opinion. He was told the "MISSION Act does not cover 2nd opinions" and he was told to return to Dr. McKenzie and Dr. Sadr to discuss his care. Still concerned, Plaintiff presented to the VA Emergency Department, where he was diagnosed with acute cellulitis "and cannot exclude if there in intraarticular extension [sic]" (infection?) but he was discharged with antibiotics and told to follow up with Dr. McKenzie.

10. Plaintiff was seen by orthopedic resident Patrick Lloyd Narcisse, M.D., on August 21, 2019. There is no mention whatsoever in his note that acknowledges the results of laboratory

testing from the Emergency Department on August 19. Plaintiff was schedule for a repeat I&D the next day.

11.	Dr. McKenzie ignored the VA Emergency Department lab results and radiology report from August 21, 2019. The lab results showed staphylococcus aureus and streptococcus. The radiology report found postsurgical changes to the lateral talus, soft tissue swelling, and that infection cannot be excluded.

12.	On August 22, 2019, Dr. McKenzie performed a second I&D procedure. His notes reflect "no evidence of infection." He also did not take a specimen to send to the lab

13.	Dr. McKenzie and Dr. Osadebey continued to fail to properly diagnose and recognized the symptoms of an infection during an appointment on August 29, 2019, when wound dehiscence and purulent drainage were noted. No culture was taken, but Bactrim was prescribed.

14.	A culture was finally taken on September 12, 2019, which confirmed Plaintiff was suffering from staphylococcus aureus.

15.	On or about October 28, 2019, due to extreme pain and more extreme swelling, Plaintiff went to the emergency room at Washington DC VA Medical Center.  An MRI on October 29, 2019, raised the concern of osteomyelitis.  He refused surgery at Washington DC VA Medical Center because of their continued incompetence.  At Plaintiff's request he was sent to and admitted to Walter Reed National Military Medical Center.  On or about, October 30, he underwent multiple surgeries.

16.	The Defendant, its physician staff and other medical staff owed Plaintiff the duty of exercising the reasonable degree of care and skill which physicians and surgeons ordinarily

exercise in the treatment of their patients.  Through their conduct as set forth above, the Defendant, its physician staff and other medical staff breached the duty owed to Plaintiff.

17. Plaintiff has had at least one subsequent surgery, an Intrepid Dynamic Exoskeletal Orthosis (IDEO) brace, ankle fusion, and with numerous other medical procedures and follow ups at Walter Reed.  Throughout he has suffered extreme pain and continues to this day to be under treatment at Walter Reed.  For a long period of time, Plaintiff could not work and lost his job and lost his benefits.  Plaintiff has been unable to pay child support.  Only recently has Plaintiff been able to secure new employment at around half his prior salary.  Plaintiff can no longer drive or walk any substantial distance. Defendant is continuing to deny Plaintiff benefits claiming that his ankle injury is not service connected—despite the opinions of their own doctors.

18. Plaintiff is now investigating amputation with his physicians at Walter Reed.

19. Plaintiff's pain and suffering, his medical treatment, his permanent injuries, his economic loss are all causally related to Defendant's negligence.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant in the amount of $3,000,000.

Respectfully Submitted,

Kitchel Law, PLLC

_____
Allyson Kitchel, #496687
600 Pennsylvania Ave SE #15035
Washington, DC 20003
allyson@kitchellaw.com
Phone: 202-734-5330
Fax: 202-972-6781
Counsel for Plaintiff